# C. W. WINGER v. STATE.

No. A-6191.   Opinion Filed Dec. 12, 1928.
(272 Pac. 386.)

Roberson & Roberson, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

DOYLE, P. J.   Plaintiff in error, C. W. Winger, was charged in the county court of Canadian county with the offense of unlawful possession of intoxicating liquor, alleged to have occurred on or about the 30th day of January, 1926.   The trial resulted in a verdict of guilty, the verdict signed by five jurors, but failed to fix the punishment.   Motion for new trial was duly filed and overruled, and the court sentenced the defendant to pay a fine of $50, and to be confined in the county jail for 30 days.   To reverse the judgment rendered on the verdict he appeals.

The principal assignment is that the verdict is contrary to, and not sustained by, sufficient evidence.

The evidence shows that the defendant lived in the town of Okarche, owing a garage and repair shop on lot 10, block 14, in said town.   A search warrant issued covering lots 9, 10, and 11 in said block and town, on each of which lots was located a business building, each owned and occupied and controlled by separate parties.   Hunter Dry Goods Store occupies one of said

lots; the defendant another; and the Heinen Motor Company the third.

The testimony of two deputy sheriffs, Pearce and Harkins, shows that in executing a search warrant a bottle containing about two spoons full of whisky was found on the defendant's place, and a bottle containing about one-half pint was found on the lot occupied by the Heinen Motor Company.

The bottles and their contents were admitted in evidence against defendant's objection that the same was obtained under a void search warrant, issued upon an affidavit wholly insufficient in law in failing to describe as particularly as may be the premises to be searched. Against the defendant's objection, the witnesses Pearce, A. W. Culp, and H. H. Mayfield were each permitted to testify that they were acquainted with the general reputation of the Winger garage as to being or not being a place where intoxicating liquors were sold, and that such reputation was bad.

At the close of the state's case defendant's counsel moved the court to direct the jury to return a verdict of not guilty, on the ground that all the evidence was incompetent, because the same was obtained in executing a void search warrant, and for the reason that the evidence wholly fails to show that the whisky found was in the possession of the defendant. The motion was overruled, and exception allowed.

For the defense, D. F. Shaffer testified that he lived in Okarche 21 years, and knows the defendant, who is the town electrician, and runs the garage occupying a 25-foot lot; that the bottle of liquor introduced in evidence was picked up on the lot occupied by the Heinen Motor Company, that, concerning the reputation of the defendant's place of business, he has never heard a thing in any way, form or fashion, good or bad.

J. W. Jackson testified that he was a deputy sheriff, farmer, and stock raiser, and was present when Officers Pearce and Harkins searched the Winger garage; that he, as an officer, assisted in the search; that he had helped build the Winger garage; that he saw the bottle of whisky introduced in evidence about six feet outside of the back door of Winger's garage, but it was not on the lot the garage was on, but was on the property of George Heinen; that witness had lived in that community 21 years, and knows the general reputation of the Winger garage as to being or not being a place where intoxicating liquors were sold, and that such reputation was good.

W. R. McIntosh testified that he was city marshal of Okarche, and was acquainted with the general reputation of Winger's garage as to being or not being a place where intoxicating liquors were sold, and that such reputation was good.

At the close of all the evidence, defendant's counsel again moved the court for a directed verdict of acquittal, which motion was overruled.

Upon consideration of the evidence in the case, we find that there was no competent evidence introduced tending to prove the unlawful intent. The court failed to instruct the jury the purpose for which reputation of the defendant's garage was admitted.

Upon the whole record, we are of opinion the evidence is not sufficient to support the verdict, and for this reason the motions for a directed verdict of acquittal should have been sustained. The judgment appealed from is therefore reversed.

EDWARDS and DAVENPORT, JJ., concur.